Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
Timothy W. Brown, Esq. (TB 1008)
**THE ROSEN LAW FIRM, P.A.**
275 Madison Avenue, 34th Floor
New York, New York 10016
Tel: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com
Email: tbrown@rosenlegal.com

[Proposed] Lead Counsel for Plaintiffs and Class

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

| | |
|---|---|
| AHMED ARFA, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | Case No.: 1:10-cv-09053 (RWS) |
| | CLASS ACTION |
| Plaintiffs, | **MEMORANDUM OF LAW IN SUPPORT OF MOTION OF THE DOBKIN GROUP TO: (1) CONSOLIDATE RELATED ACTIONS; (2) APPOINT LEAD PLAINTIFF; AND (3) APPROVE OF LEAD PLAINTIFF'S SELECTION OF COUNSEL** |
| vs. | |
| MECOX LANE LIMITED, NEIL NANPENG SHEN, JOHN J. YING, PAUL BANG ZHANG, ALFRED BEICHUN GU, KELVIN KENLING YU, ANTHONY KAI YIU LO, DAVID JIAN SUN, UBS AG, AND CREDIT SUISSE SECURITIES (USA) LLC, | |
| Defendants. | |

-----------------------------------------------------------------X

[*Additional caption on following page.*]

1

```
-----------------------------------------------------------X
```
| | |
|---|---|
| WALTER P. BRADY, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | Case No.: 1:11-cv-00034-RWS |
| Plaintiffs, | CLASS ACTION |
| vs. | |
| MECOX LANE LIMITED, NEIL NANPENG SHEN, JOHN J. YING, PAUL BANG ZHANG, ALFRED BEICHUN GU, KELVIN KENLING YU, ANTHONY KAI YIU LO, DAVID JIAN SUN, UBS AG, CREDIT SUISSE SECURITIES (USA) LLC, OPPENHEIMER & CO. INC., AND ROTH CAPITAL PARTNERS, LLC, | |
| Defendants. | |

```
-----------------------------------------------------------X
```

Lirong Chen and Matthew Dobkin ("Movant" or the "Dobkin Group") respectfully submit this memorandum of law in support of their motion for an Order, pursuant to Section 27 of Securities Act of 1933 (the "Securities Act'), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(1) consolidating the above-captioned related actions;

(2) appointing the Dobkin Group as Lead Plaintiff for the class of all individuals who purchased shares of Mecox Lane Limited ("Mecox" or the "Company") pursuant and/or traceable to the Company's Initial Public Offering that occurred on or before October 26, 2010 (the "IPO") of 11,742,857 American depository shares ("ADS"), including open-market ADS purchasers during the period between October 26, 2010 and November 29, 2010, inclusive (the "Class Period"); and

(3) approving the Dobkin Group's selection of The Rosen Law Firm, P.A. as Lead Counsel for the Class.

## INTRODUCTION AND BACKGROUND

Defendant Mecox is a Chinese corporation that operates China's leading online platform for apparel and accessories as measured by revenues in 2009. The Company's product offerings include apparel and accessories, home products, beauty and healthcare products, and other products, under the Company's own proprietary brands, such as Euromoda and Rampage, as well as under selected third party brands.

On December 3, 2010, the first of these actions were filed this Court. That same day a law firm issued a PSLRA early notice advising potential class members of, among other things, the allegations and claims in this action, and the deadline for shareholders to seek appointment as lead plaintiff. *See* Declaration of Phillip Kim filed herewith, ("Kim Decl."), Ex. 1. On January 4, 2011 a related action was filed with Court, entitled *Brady v. Mecox Lane Limited, et. al.,* 1:11-cv-00034 (RWS). While the related action named certain additional defendants and alleged Section 12(a)(2) claims in addition to the Section 11 and 15 claims of the first-filed action, both actions put forth the same or nearly identical allegations and nucleus of operative facts.

The Complaints allege that Mecox Lane, certain of its present and former officers and directors, as well as the underwriters involved in the Company's IPO, violated the Securities Act by including or permitting the inclusion of materially false and misleading statements in the Registration Statement and Prospectus issued in connection with the Company's IPO.

In particular, the Complaints allege that the Defendants[1] failed to reveal at the time the IPO closed, and/or failed to conduct an adequate due diligence investigation into the Company prior to the IPO, that the Company was not proceeding according to plan and that Mecox's gross margins had been adversely impacted by increased costs and expenses which would make it

---

[1] "Defendants" refers to, collectively: Mecox Lane Limited, Neil Nanpeng Shen, John J. Ying, Paul Bang Zhang, Alfred Beichun Gu, Kelvin Kenling Yu, Anthony Kai Yiu Lo, David Jian Sun, UBS AG, and Credit Suisse Securities (USA) LLC.

impossible for Mecox to achieve its projected results sponsored and/or endorsed by Defendants prior to and at the time of the IPO.

It was only on November 29, 2010, after the close of trading – and after the Company and certain of its insiders liquidated over $128.97 million of Mecox shares in connection with the IPO – that Mecox revealed the truth about the Company; namely, that the problems that existed at the time of the IPO would result in disappointing results for the third quarter of 2010, including a decline in gross margins of almost 400 basis points year-over-year, a 20.4% increase in Selling, General and Administrative expenses, and a 19.8% increase in Operating expenses.

As a result, following the disclosure and during the next two trading days, the price of Mecox stock dropped precipitously from a closing price of $13.38 per share on November 29, 2010, to a closing price of $6.65 on December 1, 2010 – a decline of more than 50 percent.

## ARGUMENT

### I.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.  Fed. R. Civ. P. 42(a).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. 78u-4(a)(3)(A)(ii).  As such, the PSLRA does not displace the traditional legal standards

for consolidation under Fed. R. Civ. P. 42(a).  *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 435 (S.D.N.Y. 2008).

Each of the above-captioned actions has been filed in this District alleging similar factual and legal grounds to support allegations of violations of the Securities Act by the Defendants arising from the public dissemination of materially false and misleading statements in the Registration Statement and Prospectus issued in connection with the Company's IPO. Accordingly, the above-captioned cases should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

## II. THE DOBKIN GROUP SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act and Securities Act.  The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the latter of (i) 60 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate.  15 U.S.C. § 77z-1(a)(3)(B)(i) and (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I).

As set forth below, the Dobkin Group and each of its members satisfies the above criteria and is the most adequate plaintiff and should be appointed as Lead Plaintiff.

### A. Movant is Willing to Serve as Class Representative

The Dobkin Group has made a timely motion in response to a PSLRA early notice. *See* Kim Decl., Ex. 1.  Additionally, as set forth in the PSLRA certifications of the members of the Dobkin Group, filed concurrently herewith, each member attests that he has reviewed the complaint, adopts the allegations therein, and is willing to serve as a representative of the class. See Kim Decl. Ex. 2.  Accordingly, the Dobkin Group satisfies the first requirement to serve as Lead Plaintiff for the class.

### B. Movant Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 77z-1(a)(3)(b)(iii).  "While the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses."  *Takara Trust v. Molex*, 229 F.R.D. 577, 579 (N.D. Ill. 2005).  Of the *Lax/Olsten*-styled[2] factors in determining the largest financial interest, the financial loss is the most significant factor.  *Fuwei Films*, 247 F.R.D. at 437  (citing *Kaplan v. Gelfond*, 240 F.R.D. 88, 93 (S.D.N.Y. 2007); *see also Richardson v. TVIA, Inc.*, 2007 WL 1129344 * 4 (N.D. Cal. Apr. 16, 2007) (of the *Lax/Olsten* factors approximate loss is most determinative).  Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, period".  *In re Bally Total*

---

[2]  *Lax v. First Merch. Acceptance Corp.*, 1997 WL 461036 *5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Secs. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998).

*Fitness, Sec. Litig.*, 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005). The financial interest of the members of the Dobkin Group is set forth below.

Lirong Chen purchased 3,000 shares of Mecox stock at a cost of $48,599.10, and retained all 3,000 of those shares. Mr. Chen thereby suffered $27,875.10 in losses[3]. *See* Kim Decl., Ex. 3.

Matthew Dobkin purchased 5,160 shares of Mecox stock at a cost of $87,100.80, and sold all 5,160 of those shares for proceeds of $40,970.40. Mr. Dobkin thereby suffered $46,130.40 in losses. *See* Kim Decl., Ex. 3.

With $74,005.50 in total losses, the Dobkin Group is not aware of any other movant that has a larger financial interest in Mecox Lane Limited stock during the Class Period. The Dobkin Group is small enough that coordinated decision making will not present difficulties. The Securities and Exchange Commission has noted, and numerous courts have held, that small groups whose members all have suffered substantial losses, such as the Dobkin Group, are suitable lead plaintiffs. *See e.g. In re Nature's Sunshine Products, Inc.*, 2006 WL 2380965 (D. Utah Aug. 16, 2006) (appointing group of three unrelated investors lead plaintiff); *In re Tyco Int'l Ltd. Sec. Litig.*, 2000 WL 1513772, at *4 n.7 (D.N.H. Aug. 17, 2000); *In re The First Union Corp. Sec. Litig.*, 157 F. Supp.2d 638, 643 (W.D.N.C. 2000); *In re Baan Co. Sec. Litig.*, 186 F.R.D. 214, 217 (D.D.C.1999); *In re Universal Access, Inc., Sec. Litig.*, 209 F.R.D. 379, 384 (E.D. Tex. 2002); and *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998)(co-lead plaintiff group allows for broad representation and sharing of resources and experience).

---

[3] In determining losses for held shares, the Dobkin Group uses the average daily closing price of the Company's stock after the end of the Class Period to January 31, 2011, $6.908. *See In re MicroStrategy, Inc. Secs. Litig.*, 110 F. Supp.2d 427, 436 n. 22 (E.D. Va. 2000) (applying PSLRA look-back period price to held shares); 15 U.S.C. §78u-4(e)(1).

Accordingly, the Dobkin Group satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

### C. The Dobkin Group Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 27(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification -- a *prima facie* showing that the Movant satisfies the requirements of Rule 23 is sufficient. *Fuwei Films*, 247 F.R.D. at 439 (only a *prima facie* showing is required) (citations omitted). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *Id.*, at 437.

The Dobkin Group and each of its members fulfill all of the pertinent requirements of Rule 23. Each member of the Dobkin Group shares substantially similar questions of law and fact with the members of the class, and their claims are typical of the members of the class. Each of the Dobkin Group members and all members of the class allege that Defendants violated the Securities Act by including or permitting the inclusion of materially false and misleading

statements in the Registration Statement and Prospectus issued in connection with the Company's IPO.  The Dobkin Group and its members, as did all of the members of the class, purchased Mecox stock at prices artificially inflated due to Defendants' misrepresentations and omissions, and were damaged thereby.  These shared claims also satisfy the requirement that the claims of the representative parties be typical of the claims of the class.

Thus, the close alignment of interests between Movant and other class members, as well as the Dobkin Group's desire to prosecute this action on behalf of the class, provides ample reason to appoint the Dobkin Group as Lead Plaintiff.

### D. The Dobkin Group Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing the Dobkin Group as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiff[']s class" that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. §77z-1(a)(3)(B)(iii)(II).

Movant's ability and desire to fairly and adequately represent the class have been discussed above in Section C.  The Dobkin Group is not aware of any unique defenses that Defendants could raise against it or any of its members that would render it inadequate to represent the class.  Accordingly, the Court should appoint the Dobkin Group as Lead Plaintiff for the class.

### III. MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

The Dobkin Group has selected The Rosen Law Firm, P.A. as Lead Counsel. The Rosen Law Firm has been actively researching the class Plaintiff's claims - interviewing potential witnesses, reviewing financial and legal documents, seeking relevant data from third parties, and gathering other information in support of the claims against the defendants. Furthermore, the Rosen Law Firm is experienced in the area of securities litigation and class actions, and has successfully prosecuted securities litigations and securities fraud class actions on behalf of investors. *See* Kim Decl., Ex. 4.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving the Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court issue an Order (1) consolidating the related above-captioned actions; (2) appointing the Dobkin Group as Lead Plaintiff of the class; (3) approving his selection of The Rosen Law Firm as Lead Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

Dated: February 1, 2011                               Respectfully submitted,


                                                      **THE ROSEN LAW FIRM, P.A.**

       /s/Phillip Kim
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
Timothy W. Brown, Esq. (TB 1008)
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com
Email: tbrown@rosenlegal.com


[Proposed] Lead Counsel for Plaintiffs and Class

## **CERTIFICATE OF SERVICE**

    I hereby certify that on this, the 1st day of February, 2011, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.


                                        /s/ Phillip Kim