12-1326-cv
Westend Group v. Mecox Lane Ltd.

N.Y.S.D. Case #
10-cv-9053(RWS)

**MANDATE**

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of November, two thousand twelve.

Present:  AMALYA L. KEARSE,
ROSEMARY S. POOLER,
BARRINGTON D. PARKER,
    *Circuit Judges*.

_____

AHMED ARFA, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,

    *Plaintiff*,

WESTEND GROUP,

    *Plaintiff-Appellant*,

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: December 26, 2012

    -v-                                    12-1326-cv

MECOX LANE LIMITED, NEIL NANPENG SHEN, JOHN J. YING, PAUL BANG ZHANG, ALFRED BEICHUN GU, KELVIN KENLING YU, ANTHONY KAI YIU LO, DAVID JIAN SUN, UBS AG, CREDIT SUISSE SECURITIES (USA) LLC,

    *Defendants-Appellees*.[*]

_____

---

[*] The Clerk of the Court is directed to change the caption as set out above.

| | |
|---|---|
| Appearing for Appellant: | KIM E. MILLER (Jeremy A. Lieberman, Pomerantz Haudek Grossman & Gross LLP, New York, NY, *on the brief*), Kahn Swick & Foti, LLC, New York, NY. |
| Appearing for Appellee: | ROBERT J. MALIONEK (Howard G. Baker, John D. Castiglione, *on the brief*), Latham & Watkins LLP, New York, NY. |

Appeal from the United States District Court for the Southern District of New York (Sweet, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Plaintiff-Appellant, which was appointed lead plaintiff in a number of consolidated actions, appeals from a March 5, 2012 judgment of the district court (Sweet, *J.*), which granted defendants' motion to dismiss the consolidated amended complaint (the "Complaint") for failure to state a claim. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review the grant of the motion to dismiss under Fed. R. Civ. P. 12(b)(6) *de novo*, "accepting all well-pleaded allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor." *SEC v. Gabelli*, 653 F.3d 49, 57 (2d Cir. 2011) (internal brackets and quotation marks omitted). "To survive a motion to dismiss, however, a complaint must allege a plausible set of facts sufficient to raise a right to relief above the speculative level." *Id.* (internal quotation marks omitted).

Defendant Mecox Lane Limited ("Mecox") is a Chinese clothing and apparel company. On October 26, 2010, Mecox issued 11,742,857 American depositary shares in an IPO for $11.00 per share, pursuant to a registration statement and prospectus (collectively, the "Registration Statement") filed with the Securities and Exchange Commission.

On behalf of purchasers of Mecox stock, plaintiffs in the consolidated action ("Plaintiffs") brought claims under Section 11 of the Securities Act, 15 U.S.C. § 77k, alleging that the Registration Statement contained "untrue statement[s] of . . . material fact or omitted to state . . . material fact[s] required to be stated therein or necessary to make the statements therein not misleading." Plaintiffs brought Section 11 claims against Mecox as issuer; individual defendants Neil Nanpeng Shen, John J. Ying, Paul Bang Zhang, Alfred Beichun Gu, Kelving Kenling Yu, Anthony Kai Yiu Lo, and David Jian Sun as signatories of the Registration Statement; and UBS AG and Credit Suisse Securities (USA) LLC as underwriters. Additionally, Plaintiffs brought claims under Section 15 of the Securities Act, 15 U.S.C. § 77o, against Neil Nanpen Shen, John J. Ying, and Alfred Beichun Gu as "controlling persons" of an issuer liable under Section 11.

The Complaint alleges five categories of untrue statements or omissions of material fact in the Registration Statement, relating to Mecox's (1) revenue growth, (2) proprietary

2

management system and due diligence, (3) marketing, (4) network of physical stores and (5) key personnel.  However, the Complaint fails to state a Section 11 claim upon which relief can be granted.

First, Plaintiffs allege that the Registration Statement violated Section 11 by omitting available financial data for the third quarter and fourth quarter of 2010.  Mecox had a duty to "[d]escribe any known trends or uncertainties that have had or that the registrant reasonably expects will have a material favorable or unfavorable impact on net sales or revenues or income from continuing operations," 17 C.F.R. § 229.303(a)(3)(ii), and to disclose material information necessary to make statements in an offering not misleading, 17 C.F.R. § 230.408.  Facts are material if "there is a substantial likelihood that the disclosure of the omitted information would have been viewed by the reasonable investor as having significantly altered the total mix of information made available."  *DeMaria v. Andersen*, 318 F.3d 170, 180 (2d Cir. 2003).  Drawing all reasonable inferences in favor of the Plaintiffs, the third and fourth quarter 2010 data, which showed increased online sales and decreased directly-operated store sales, described trends a reasonable registrant would expect to materially impact on net sales, revenue, or income.  However, the third and fourth quarter data were not material to those trends, because the Registration Statement already disclosed the trends.  The third and fourth quarter data would not alter the "total mix" of available information.

Second, Plaintiffs' claim that language in the Registration Statement describing Mecox's "proprietary management system," an integrated sales and distribution system, contained untrue and misleading statements, because Mecox did not disclose or conduct due diligence with regard to the third and fourth quarter 2010 financial data.  As discussed above, Plaintiffs have failed to show that disclosure of the 2010 financial data was required.  Plaintiffs have pointed to nothing that showed a material relationship between Mecox's proprietary management system and that financial data.

Third, the Registration Statement described Mecox's efforts to market its brands "through online advertising, targeted distribution of emails, SMS [short message service], catalogs, print media advertising and out-bound calls."  Plaintiffs allege that these descriptions were false, citing an *Economic Herald* article from October 28, 2010.  However, nothing in that article contradicts Mecox's statements or renders them false.

Fourth, Plaintiffs allege that the Registration Statement misleadingly implied that Mecox planned to increase the number of directly-operated stores, which produce higher margin sales.  This allegation is false, as the Registration Statement actually described a plan for total store growth, even while the company converted some directly-operated stores to franchised stores.  Statements and a chart in the Registration Statement made this strategy plain.

Fifth, Plaintiffs allege that Mecox violated Section 11 by failing to disclose that Wang Hongzheng, Mecox's former vice president and general manager in charge of physical stores, had departed the company.  In order to state a Section 11 claim, the Complaint must allege facts showing that the omission is a "material fact" either required to be stated in the Registration

Statement or necessary to make the Registration Statement not misleading. *Panther Partners Inc. v. Ikanos Commc'ns Inc.*, 681 F.3d 114, 119-20 (2d Cir. 2012). The Complaint points to no disclosure requirement, but contends that Mecox's description of its store growth plan was misleading without information concerning Wang's departure. As the district court noted, Plaintiffs' "focus on Wang's departure is a repackaging of the Plaintiff[s'] claim concerning Mecox's physical stores, as Wang's departure is only relevant to the extent that it represents a divergence from Mecox's effort to expand the number of physical stores." As discussed above, there was no such divergence, and therefore Plaintiffs' claim fails.

Finally, in order to pursue a claim for controlling person liability under Section 15 for a violation of Section 11, a complaint must adequately plead a case of primary liability under Section 11. *In re Morgan Stanley Info. Fund Sec. Litig.*, 592 F.3d 347, 358 (2d Cir. 2010). Because Plaintiffs have failed to state a claim under Section 11, the District Court properly dismissed their Section 15 claim.

Even taking all of the Complaint's allegations as true and drawing all reasonable inferences in favor of the Plaintiffs, the statements that they point to as untrue or misleading are neither. The Complaint does mention undisclosed information, but points to nothing to show that disclosures were required.

We have considered all of Plaintiff-Appellant's other arguments and find them without merit. Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit